JOSEPH H. FITZPATRICK, BY GUARDIAN, ETC., RESPONDENT, *v.* THE GARRISONS AND WEST POINT FERRY COMPANY, APPELLANT.

*Ferry company—liable to one, injured upon a dock open to the public, who comes there upon no business relating to the company.*

Where a ferry company carries on a business which naturally draws together numbers of people in a place which is open to the public, with instruments which are so defective as to be eminently dangerous to human life, it is guilty of a breach of duty to the public for injuries resulting therefrom, although the party injured may not have come upon the place on any business connected with the ferry company.

APPEAL from a judgment in favor of the plaintiff for $1,458.38 damages, entered in Orange county after a trial at the Orange Circuit, and a verdict of a jury rendered thereat in favor of the plaintiff.

The action was brought for alleged negligence on the part of the defendant, which is a ferry company, and has for years operated a ferry on the Hudson river, from Garrisons on the east side to West Point and Cranston's on the west side of the river. The plaintiff, with other boys, had gathered on the dock where the boat landed, and got upon a bridge and by their weight brought it down

on the boat with some force, the result of which was that a bolt, which had fastened to it a chain running over a pulley with a weight at the other end, pulled out of one corner of the bridge and the weight on that side fell, striking the plaintiff. The place at which the accident happened was Cranston's dock, at Highland Falls, which was private property. It did not belong to the defendant, nor did the defendant have any lease of it, although it had been used by the defendant for some time for the landing of its boat.

*M. H. Hirschberg,* for the appellant.

*William D. Dickey* and *Lewis E. Carr,* for the respondent.

PRATT, J. :

The accident under consideration occurred at a place which was open to the general public, which they had been long accustomed to use, and into which they were impliedly invited to enter. They had therefore a right to assume that no traps existed that would make such entry dangerous.

The appellant claims that as the plaintiff came upon the premises solely to gratify his curiosity, and was at most but a licensee, the defendant owed him no duty of active vigilance. But defendants must be held to have contemplated the natural consequences of their acts. They carried on an occupation which would naturally draw together numbers of people in a public place, with instruments that were so defective as to be eminently dangerous to human life That was a breach of duty to the public for which they may be justly held responsible.

The plaintiff might well suppose that defendant's business was conducted with ordinary care; there being no warning of danger, he may well have thought that none existed. In thus supposing, and in acting accordingly, the jury have found he was not guilty of negligence.

We think the question was properly submitted and by them properly decided. We also think this case is within the reason of the rule that holds the owner of the real estate liable when he allows a dangerous place to exist without warning, so near a highway that by-passers will be liable to suffer.

If the owner of real estate will dig a pit nigh to the public road he must fence it or be liable for the injuries it occasions. Such owner is bound to anticipate that a traveler may deviate from the beaten path. And a technical trespasser does not thereby forfeit the protection of the law. As in the case of the druggist who sends abroad a dangerous medicine under a false label, no "privity of contract" is necessary.

The duty which one owes to the public to forbear from conduct which may endanger the safety of others is the foundation of the action.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.