■ ROBERT DE ROSA, an Infant, by MICHAEL DE ROSA, His Guardian ad Litem, et al., Appellants, v. FORDHAM UNIVERSITY et al., Respondents.— Judgment herein, insofar as it adjudges that the defendant Fordham University have judgment dismissing the complaint of the plaintiffs, reversed on the law, with costs to abide the event, and new trial directed of the action as against said defendant; and judgment dismissing the complaint as against the defendant Robert Capobianco affirmed, without costs. The trial was before a jury; and, the judgment in favor of defendant Fordham having been entered upon a dismissal by the trial court at the close of the evidence, the issue to be resolved here is whether the plaintiff made out a prima facie case. This court, in reviewing the record, is bound to " take the facts in a light most favorable to the plaintiff and, in determining whether the facts proved constitute a cause of action, give him the benefit of every favorable inference which may reasonably be drawn." (Osipoff v. City of New York, 286 N. Y. 422, 425; also Sagorsky v. Malyon, 307 N. Y. 584, 586.) Giving the plaintiff the benefit of every reasonable inference, as we should, the jury, on the record here, could have found that a group of teen-age boys, in building a clubhouse of the shack type upon Fordham's property very close to a dead-end roadway, were acting with its permission, express or implied; that, with the knowledge of the guards, patrolling the property for Fordham, the boys, in the course of their building activities and commencing on the day before the accident, were using a heavy sledge hammer to pound and break up one or more rocks on the site; that, to the knowledge of Fordham, a number of children were prone to play in and about the roadway in the area and would be inclined to stand and watch the building activities of the boys; that, at the time of the accident, the infant plaintiff, age 10, stepped back off the property of Fordham and stood on the roadway where, in accordance with the statement of the trial court, he had a right to be; and that, while standing on the roadway watching the activities of the boys, he was then hit in the eye by a chip of a rock being pounded with the sledge by one of the boys (the individual defendant), age 15. It appearing in the record and it being a matter of common knowledge that the pounding of stones with a heavy sledge hammer will cause rock chips to fly some distance with danger of serious injury to a bystander, the plaintiff was entitled to have the case submitted to the jury. A defendant owner's " possession and control of his land gives him a power of control over the conduct of those whom he allows to enter it, which he is required to exercise for the protection of those outside." (Prosser, Torts [2d ed.], p. 431.) Therefore, on the state of the present record, there were questions of fact, namely, whether or not an injury such as occurred here was reasonably to have been anticipated by Fordham and whether or not, in the management of its property, Fordham exercised reasonable care to prevent such an injury to children, lawfully standing or playing upon the adjoining road. (See 65 C. J. S., Negligence, §§ 59, 60; Prosser, Torts [2d ed.], § 75; Restatement, Torts, § 318, p. 864; Ford v. Grand Union Co., 268 N. Y. 243; Hogle v. Franklin Mfg. Co., 199 N. Y. 388; Fitzpatrick v. Garrisons & West Pt. Ferry Co., 49 Hun 288; cf. Steenbar v. Buerman & Co., 2 A D 2d 780, affd. 2 N Y 2d 903.) So, under the circumstances, it was error for the trial court to dismiss, as a

matter of law, the complaint of the plaintiff as against Fordham. The verdict of the jury in favor of the individual defendant, the boy 15 years of age, does not have the effect of resolving the issues determinative of the alleged liability of Fordham to plaintiff for the accident. The duty owing to plaintiff by the defendant boy and the duty owing by Fordham were not the same. In this case Fordham, if liable, is not liable for the acts of the boy under the doctrine of *respondeat superior* but is liable for breach of a duty independent of that owing by the boy, namely, for breach of the duty to use reasonable care to prevent the use of its property in a manner dangerous to persons lawfully upon a roadway or adjoining property. (See authorities and decisions cited aforesaid.) Concur — Rabin, J. P., McNally and Eager, JJ.; Valente and Steuer, JJ., dissent in the following memorandum by Steuer, J.: I dissent insofar as the judgment in favor of Fordham University is vacated and would affirm the judgment in all respects. While it is quite true that the university's liability is not derivative in the sense that it does not stem from the doctrine of *respondeat superior*, there cannot be a judgment against the university and in favor of the individual defendant without logical inconsistency. Liability was sought to be predicated against the individual because his acts caused injury. The verdict of the jury established either one of two propositions: that the act which caused the injury was not negligent, or, if it was, that plaintiff was contributorily negligent. If there was contributory negligence, that would operate to prevent a recovery against Fordham as well as against the individual, so while dismissal might have been a technical error, being granted before this was determined, as the facts were resolved it was an error without substance. If the finding in favor of the individual defendant was based on the fact that his acts were not negligent, Fordham cannot be held. No liability can be predicated on allowing acts to be done on one's property, which acts are not negligent. The possible consequences of a new trial are either the same result as the outcome of the first trial, namely, a judgment in favor of defendant, or two inconsistent verdicts, one establishing that an act was not negligent and the other that it was.