■ ANDREW M. SURINI, Appellant, v MICHAEL ADAMOWICZ et al., Respondents, et al., Defendant. [607 NYS2d 113] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered October 11, 1991, which, *inter alia*, granted the motion of the defendant Michael Adamowicz for summary judgment dismissing the plaintiff's complaint and all cross claims against him, and granted the separate motion of the defendant Orbeco Analytical Systems, Inc., for summary judgment dismissing the plaintiff's complaint and all cross claims against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff, an independent contractor employed by Orbeco Analytical Systems, Inc. (hereinafter Orbeco), exited Orbeco's business premises at about 9:15 P.M. on February 3, 1986, and allegedly was assaulted by an unknown assailant in the vicinity of the front entrance and parking lot of the building. In this action against the owners of the building, Michael Adamowicz and Mary Adamowicz, and Orbeco, the lessee of the building, the plaintiff contends that the defendants knew or should have known that the neighborhood in

which the building was located was unsafe, and therefore were negligent in failing to implement heightened security measures to deter criminal conduct, including better exterior lighting in front of the building. The defendants Michael Adamowicz and Orbeco moved for summary judgment, and their motions were granted. We affirm.

The record contains little evidence of criminal activity prior to the date of the alleged assault from which the respondents could have reasonably foreseen the likelihood of criminal conduct on the premises. Since the plaintiff failed to establish that the respondents could have reasonably foreseen the alleged assault upon the plaintiff so as to give rise to a corresponding duty on their part to adopt heightened security measures, the plaintiff has failed to show that the alleged negligence "was a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see, Iannelli v Powers,* 114 AD2d 157, 162-163). Under these circumstances, summary judgment was properly granted *(see, Zuckerman v City of New York,* 49 NY2d 557; *Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.