■ DAVID FERRER et al., Appellants, v MARK H. STOFSKY, Respondent, et al., Defendant. [611 NYS2d 635] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Shaw, J.), entered July 28, 1992, which granted the motion of the defendant Mark Stofsky for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The infant appellant was injured in a "hit and run" accident. The license plate number of the automobile which hit the infant was traced to the respondent Mark Stofsky, the lessee of the automobile. In his verified answer, the respondent asserted that the car had been stolen and was being operated without his knowledge or permission. In affidavits submitted in support of the motion for summary judgment, the respondent and his wife stated that 15 minutes before the accident, the wife had parked the car a few blocks away from the accident site, and that they then remained home all evening, discovering the car missing the following day. In opposition to the motion, the appellants offered the affidavit of the infant appellant and two witnesses, all of whom asserted

that they could identify the driver of the automobile. They described the driver as being in his forties with a grey beard, a description which the respondent did not deny generally matches his own. The Supreme Court granted the motion. We reverse.

In light of the descriptions given by the infant appellant and other eyewitnesses, the denials by the respondent and his wife raise issues of credibility which cannot be decided on this motion for summary judgment (see, Koen v Carl Co., 70 AD2d 695). Further discovery should be conducted to afford the various witnesses an opportunity to, among other things, view the respondent. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.