■ RIPSIME MKRTCHYAN, an Infant, by Her Father and Natural Guardian, MKRTICK MKRTCHYAN, et al., Respondents, v 61ST WOODSIDE ASSOCIATES et al., Appellants. (And a Third-Party Action.) [618 NYS2d 825] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Milano, J.), dated July 7, 1993, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The infant plaintiff was the victim of a sexual assault in the apartment building owned by the defendants. At the time of the incident, the infant plaintiff resided in an apartment in the building with her parents.

At her deposition, the infant plaintiff stated that, on the day of the assault, she first saw the assailant in the lobby of the building. Immediately thereafter, she was accosted by the assailant in the elevator.

The plaintiffs assert that the absence of an intercom system in the entrance to the defendants' building was a proximate cause of the assault. However, it is undisputed that at the time of the incident, the lock to the lobby door was functioning, as was a buzzer system whereby persons could gain entrance to the lobby. Other than mere speculation in the affidavit of the plaintiffs' "security expert", there is no indication in the record that the absence of a functioning intercom was a "substantial causative factor in the sequence of events" that led to the assailant's presence in the lobby of the building (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520). Under such circumstances, it cannot be said that the absence of an intercom was a proximate cause of this unfortunate incident (see, Harris v New York City Hous. Auth., 194 AD2d 714; Moss v New York Tel. Co., 196 AD2d 492, 493; Tarter v Schildkraut, 151 AD2d 414).

Additionally, the record is insufficient to raise a triable question of whether the defendants had such notice of prior

criminal activity on the premises to make the instant occurrence foreseeable *(see, Jacqueline S. v City of New York,* 81 NY2d 288; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, *supra; Grignoli v New York City Hous. Auth.,* 196 AD2d 525).

The plaintiffs' remaining contentions are without merit.

Under these circumstances, the Supreme Court should have granted the defendants' motion for summary judgment. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.