■ Jose Urena et al., Respondents, v Hudson Guild, Appellant, et al., Defendants. [624 NYS2d 401] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about September 27, 1993, which to the extent appealed from, denied defendant Hudson Guild's cross-motion for summary judgment, unanimously reversed, on the law, the complaint and all cross claims against defendant Hudson Guild dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant Hudson Guild dismissing the complaint.

Plaintiff's allegations in the complaint and its supporting documents, including deposition testimony, the affidavit of a security expert, and the vague and non-specific statements of the doorperson and the groundskeeper regarding fights occurring in the general area at unspecified times and locations, were insufficient evidence of past criminal activity on the premises to raise a triable issue as to the foreseeability of the violent assault by unknown third parties upon plaintiff on the steps of the building, as he left a birthday party and walked outside to cool off *(Jacqueline S. v City of New York,* 81 NY2d 288, 294-295; *see, Leyva v Riverbay Corp.,* 206 AD2d 150).

Although the front steps of a Housing Authority building are an area for which Hudson Guild, the private occupier, can properly be held responsible *(see, Penchas v Hilton Hotels Corp.,* 198 AD2d 10, 11), the private landowner was only required to take protective measures where he knew or had reason to know from past experience " 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' " *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519, quoting Restatement [Second] of Torts § 344, comment *f).* No such showing of past criminal conduct was made in this case *(see, Leyva v Riverbay Corp., supra; compare, Jacqueline S. v City of New York, supra).*

Nor can liability be predicated upon the landowner's failure properly to control the conduct of third parties on the premises once the fighting had begun *(see, e.g., Firpi v New York*

*City Hous. Auth.,* 175 AD2d 858, 859, *lv denied* 78 NY2d 864; *compare, Rivera v 21st Century Rest.,* 199 AD2d 14). The fight in this case escalated in a matter of minutes, and the doorman's prompt 911 call was an appropriate and adequate response under the circumstances. Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.