■ NUBIA OSPINA et al., Appellants, v CITY OF NEW YORK, Defendant, and DOUBLER R. INVESTORS CO., INC., et al., Respondents. [625 NYS2d 76] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated September 23, 1993, as granted the respondents' motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Nubia Ospina seeks to recover damages for personal injuries arising out of a sexual assault committed on premises owned and managed by the respondents. Her husband, the plaintiff Jose Ospina, seeks derivative damages for loss of services. At the time of the assault, the injured plaintiff, a home care attendant, was on her way to visit a client. She was assaulted in a passageway leading to the courtyard entrance to the apartment building where her client resided.

The Supreme Court granted the respondents' motion for summary judgment dismissing the complaint insofar as it is asserted against them. We affirm.

At her deposition, the injured plaintiff recalled being told about one prior assault in the respondents' housing complex. However, the injured plaintiff did not know when this prior assault occurred and was unsure about its underlying circumstances. The injured plaintiff also stated that she saw people "hanging out" in the area where she was assaulted and that she had been told that "there were * * * drug addicts who hang around there".

The injured plaintiff's vague recollection of a single criminal act at some unspecified time prior to the assault upon her, even when coupled with her other statements, was patently insufficient to raise a triable question of fact as to whether the respondents had such notice of prior criminal activity so as to make the assault upon her foreseeable (see, Rozhik v 1600 Ocean Parkway Assocs., 208 AD2d 913; see also, Jacqueline S. v City of New York, 81 NY2d 288; Nallan v Helmsley-Spear, Inc., 50 NY2d 507).

Additionally, the injured plaintiff failed to raise a triable issue as to whether the respondents breached any duty of care owed to her and whether any of the respondents' acts were a proximate cause of the assault (see, *Mkrtchyan v 61st Woodside Assocs.*, 209 AD2d 490; *Surini v Adamowicz*, 200 AD2d 737; see also, *Waters v New York City Hous. Auth.*, 69 NY2d 225; *Nallan v Helmsley-Spear, Inc.*, supra). Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.