■ RICHARD L. JORGENSEN et al., Appellants, v CENTURY 21 REAL ESTATE CORPORATION et al., Respondents, et al., Defendants. [629 NYS2d 268] —In an action to recover damages, inter alia, for negligence and breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated December 9, 1993, which granted the motion by the defendants Hommel Assoc. Realty, Inc., Mary Lee Hommel, and Barbara Graney, the cross motion by Century 21 Real Estate Corporation and Century 21 of the Northeast, Inc., and the cross motion by Serls Realty Corporation and Angela Trepiccione for summary judgment dismissing the complaint insofar as it is asserted against them, and impliedly denied the plaintiffs' two cross motions for summary judgment in their favor, and (2) a judgment of the same court dated January 5, 1994, which dismissed the complaint as against the moving defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

This action arises from the hazardous waste contamination of the plaintiffs' premises resulting from the criminal manufacturing and processing of cocaine by a tenant of the premises who had been located for the plaintiffs through the efforts of the various respondent realtors and their agents. The plaintiffs alleged, *inter alia*, that the respondents were negligent in failing to adequately investigate the tenant and for misrepresenting and not disclosing certain material facts surrounding the lease transaction. The Supreme Court granted the respondents' respective motion and cross motions for summary judgment dismissing the complaint, impliedly denying the plaintiffs' cross motions for summary judgment in their favor. We affirm.

The court correctly determined that the criminal activity of the tenant constituted an extraordinary intervening event and the proximate cause of the plaintiffs' injuries (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Parvi v City of Kingston*, 41 NY2d 553; *Surini v Adamowicz*, 200 AD2d 737), and the plaintiffs have failed to demonstrate that the criminal activity was a foreseeable result of the respondents' alleged negligence (*see, Derdiarian v Felix Contr. Corp., supra; Surini v Adamowicz, supra; Belinda C.G. v Fresh Air Fund*, 183 AD2d 430; *Fornaro v Kerry*, 139 AD2d 561). Moreover, contrary to the plaintiffs' contentions, proximate cause is not an element of negligence only, but is also an element of breach of contract (*see, Drummer v Valeron Corp.*, 154 AD2d 897). Accordingly, summary judgment in favor of the respondents was appropriate (*see, Derdiarian v Felix Contr. Corp., supra; Zuckerman v City of New York*, 49 NY2d 557).

In light of the foregoing, we need not address the plaintiffs' remaining contentions. Thompson, J. P., Ritter, Copertino and Hart, JJ., concur.