■ Maximo Valdez, Appellant, v 72 & 82 Terrace Realty, Inc., Respondent. [635 NYS2d 596] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about November 3, 1994, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was shot when a number of men appeared at the front door of the apartment he was about to leave and opened fire with what plaintiff described as an Uzi machine gun, injuring plaintiff and killing the other occupants. We agree with the IAS Court that this criminal act was not foreseeable in light of the almost negligible evidence of prior criminal activity (*see, e.g., Urena v Hudson Guild*, 213 AD2d 312; *Ospina v City of New York*, 214 AD2d 551) and plaintiff's failure to adduce any evidence that any such prior activity had been brought to defendant's attention. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.