■ In the Matter of TARA LEONARD, Respondent, v MICHAEL LEONARD, Appellant. [643 NYS2d 199] —In a proceeding pursuant to EPTL article 7, inter alia, for an accounting and to obtain possession of funds in a certain bank account, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered April 20, 1995, which upon granting the petitioner's motion for summary judgment is in favor of the petitioner and against the appellant in the principal sum of $52,936.95.

Ordered that the judgment is reversed, on the law, with costs, and the petitioner's motion for summary judgment is denied.

An award of summary judgment to the petitioner requires a finding that she established, as a matter of law, the appellant's donative intent, i.e., that he intended, at the operative time, to make a present transfer of ownership to her (*see, Gordon v Gordon,* 70 AD2d 86, *affd* 52 NY2d 773; *Gruen v Gruen,* 104 AD2d 171, 174, *affd* 68 NY2d 48). We conclude that the evidence in the record presents a triable issue of fact as to the appellant's donative intent.

The evidence presented by the petitioner, namely that the appellant followed the Uniform Gift to Minors Act (hereinafter UGMA) procedures (*see,* EPTL 7-4.2) when he opened the subject bank account, established delivery of the subject matter of the gift and constituted *prima facie* proof of donative intent. However, such proof of donative intent may be rebutted by extrinsic evidence (*see, Gordon v Gordon, supra,* at 91). According to evidence in the record, the appellant opened the account in June 1984 in the form of a six-month certificate of deposit with $40,000 realized from the sale of a business owned by him and his late wife. The title of the account was "Michael Leonard ACF Tara Leonard". The appellant thereafter made other deposits to the account which increased the funds to about $52,000. The passbook indicated that there was no activity in the account after August 1984, and the account was closed in December 1984. In his affidavit and deposition testimony, the appellant denied that he ever intended to make a gift of the funds to the petitioner and offered various other reasons, including tax problems and a pending lawsuit for establishing the account as a custodial account for the petitioner.

While the appellant's explanations may ultimately be rejected, the court should not determine credibility on a motion for summary judgment (*see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Famularo v Havasi,* 221 AD2d 587). The appellant has offered more than mere conclusory allegations regarding his intent, and his affidavit and deposition testimony, when considered in the light most favorable to him (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231), raise a triable issue of fact. The facts in *Gordon v Gordon (supra),* relied upon by the petitioner are distinguishable. There, the grandfather of the minor children was the donor of funds placed in UGMA accounts, and the appellant (his son) was the custodian. The Court found that the appellant's conclusory allegations regarding the *deceased grandfather's* lack of donative intent were

insufficient to defeat the petitioners' motion for summary judgment. In addition, there was no proof that the grandfather retained any control or access over the accounts, while there was evidence in the case at bar that the appellant retained control over the account.

Accordingly, the judgment must be reversed and the petitioner's motion for summary judgment denied. Balletta, J. P., O'Brien, Altman and Friedmann, JJ., concur.