■ EILEEN MURPHY, Appellant, v TURIAN HOUSE, INC., et al., Respondents. [649 NYS2d 38] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated September 20, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff's backyard abuts property owned by the defendants, a six-story residential complex, which includes a parking garage on top of which a fenced playground or recreational area is located. The elevated playground overlooks the plaintiff's back yard and the yards of several other homeowners.

The plaintiff was injured when a youth living in the complex threw a brick from the playground into her backyard, striking her in the head. According to the plaintiff, she and her neighbors, for several years prior to the incident, repeatedly complained to the defendants both orally and in writing, about objects being thrown from the elevated playground into their abutting back yards. The complaint alleges, *inter alia,* that the defendants never took any action to remedy the problem. The Supreme Court dismissed the action, and we reverse.

A party who possesses realty, either as an owner or as a tenant, is under a duty to exercise reasonable care to maintain that property in a safe condition, and this duty includes the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable acts of third persons (*Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718; *De Rosa v Fordham Univ.,* 18 AD2d 1056; *cf., DeRyss v New York Cent. R. R. Co.,* 275 NY 85; *see also, Vangeli v Schneider,* 194 AD2d 916, 917; 85 NY Jur 2d, Premises Liability, §§ 60, 240, 241).

A question of fact exists here as to whether the defendants breached their duty of care in failing to take steps to prevent

the repeated throwing of rocks, bricks and other objects from their playground into the plaintiff's backyard (*cf., DeRyss v New York Cent. R. R. Co., supra,* 275 NY 85, at 91, *supra; De Rosa v Fordham Univ., supra*). The defendants deny having received notice of any illegal conduct, and therefore the parties' conflicting allegations on this issue raise questions of fact which cannot be resolved on a motion for summary judgment (*see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *see also, Matter of Leonard v Leonard,* 227 AD2d 624; *Omrami v Socrates,* 227 AD2d 459; *Ferrer v Stofsky,* 204 AD2d 386). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.