■ JORGE L. OLAN et al., Respondents, v BARBARA A. URSINO, Appellant, et al., Defendants. [652 NYS2d 543] —In an action to recover damages for personal injuries, etc., the defendant Barbara Ann Ursino appeals from an order of the Supreme Court, Kings County (Barash, J.), entered February 2, 1996, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Jorge Olan (hereinafter the plaintiff), alleged that in June 1992 while walking on a sidewalk in front of 1661/ 1663 63rd Street in Brooklyn (hereinafter the property), he was bitten by a dog which came through an opening in a fence which bordered the property. He further alleged that at that time the property was owned by the appellant and leased to the owner of the dog, the defendant Jolex Auto Repairs, Inc. (hereinafter Jolex). In her motion for summary judgment, the

appellant argued that although Jolex had leased the property at one time, its lease expired prior to June 1992. The court denied the motion finding that there was "an issue of fact as to ownership of the property at the time in question". We now reverse.

It is well settled that "the proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see also, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562). In addition, " '[o]nce this showing has been made the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action' " (*Alvarez v Prospect Hosp., supra*, at 324, quoting *Zuckerman v City of New York, supra*, at 562).

In support of her motion the appellant submitted documentary proof which demonstrated that the lease with Jolex had expired in August 1991 and that in June 1992 the property had been leased to other tenants. In addition, the appellant testified at her deposition that, based upon her personal observation, she was aware that Jolex had vacated her property prior to June 1992 and moved its business to the adjacent property, 1657 63rd Street. In opposition, the plaintiff offered a number of documents but failed to contradict the fact that Jolex no longer occupied the appellant's premises at the time of the incident.

Under these circumstances, the appellant cannot be held liable to the plaintiffs, and the motion for summary judgment should be granted (*see, Nidzyn v Stevens*, 148 AD2d 592; *see also, Wilson v Bruce*, 198 AD2d 664; *Cronin v Chrosniak*, 145 AD2d 905). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.