■ DIONICIO VASQUEZ, Appellant, v RVA GARAGE, INC., Respondent, et al., Defendant. [656 NYS2d 334] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated March 15, 1996, which granted the motion of the defendant RVA Garage, Inc., for summary judgment dismissing the complaint insofar as asserted against the defendant RVA Garage, Inc.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant RVA Garage, Inc.

The plaintiff was injured on July 4, 1994, when unknown persons congregating on property owned by the defendant RVA Garage, Inc. (hereinafter the owner), exploded a "cherry bomb". In support of its motion for summary judgment, Robert Compagna, the president of the owner, testified at an examination before trial that the premises in issue were occupied by VRC Service Station, Inc. (hereinafter VRC) which in turn leased a portion of the property to the defendant Junction Oil Corp. (hereinafter Junction). Although the lease from VRC to Junction was produced, no lease from the owner to VRC was produced, nor is it clear from the record whether there was a written lease from the owner to VRC. Further, the president of

VRC was also the president of the owner. He acknowledged that for 15 years, he operated a business on the site in the name of VRC. Until April 1991, when he leased a portion of the premises to the predecessor in interest of Junction, VRC both sold gasoline and operated an automobile repair service on the site.

In opposition, the plaintiff submitted an affidavit from a neighborhood resident that persons had congregated on the property and exploded fireworks every July 4th for over 20 years.

It is well settled that a proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law (*see, Olan v Ursino,* 235 AD2d 406). Here, the owner failed to establish that it relinquished control over the premises (*see, Putnam v Stout,* 38 NY2d 607, 613; *Suarez v Skateland Presents Laces,* 187 AD2d 500). On this question, the terms of VRC's lease to Junction are irrelevant. There is no evidence in the record as to the terms of any agreement whereby VRC operated a business on land owned by the owner. Accordingly, it would be "utter speculation" to conclude that "the premises were leased [to VRC] without retention of any possession or control" (*Estes v New York State Saddle Horse Assn.,* 188 AD2d 857, 859). On this issue, the owner failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see, Del Giacco v Noteworthy Co.,* 175 AD2d 516, 517). Campagna's conclusory statements that the owner did not, in fact, exercise control over the premises did not, as our dissenting colleague contends, establish that "it had no duty" to exercise control (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 569).

Moreover, the evidence submitted by the plaintiff in opposition established that there are issues of fact as to whether the owner breached its duty of care in failing to take steps to prevent the detonation of fireworks on its property (*see, Murphy v Turian House,* 232 AD2d 535; *Guarcello v Rouse SI Shopping Ctr.,* 204 AD2d 685). Campagna had ample opportunity to learn of the dangerous and illegal practice in his 15 years of operating a business on the site which, until 1991, also included operating the gasoline station. Although Campagna claimed the repair shop was closed on weekends and holidays, there is no evidence in the record that the same was true for the gasoline station. As president of the owner corporation, he could not close his eyes to what he learned while conducting business on the premises in his capacity as president of VRC. The plaintiff submitted evidence of a history of persons exploding

fireworks on the site every July 4th for over 20 years, from which a jury could conclude that a repetition of that conduct on July 4, 1994, was a significant foreseeable possibility.

Accordingly, the motion for summary judgment should have been denied. Bracken, J. P., O'Brien and Goldstein, JJ., concur.

Krausman, J. dissents and votes to affirm the order appealed from with the following memorandum: I disagree with my colleagues' conclusion that the defendant RVA Garage, Inc. (hereinafter RVA) failed to establish its entitlement to summary judgment, and, therefore, I respectfully dissent and vote to affirm.

On the night of July 4, 1994, the plaintiff, Dionicio Vasquez, was on his way to a grocery store located one block away from his home when he saw a group of about 20 people, who had gathered in front of the store to watch fireworks. As he approached his destination, the plaintiff found that the fireworks were being detonated by three men standing in the parking lot of a gas station across the street from the grocery store. At this point, one of the three men, who have never been identified, lit a cherry bomb and tossed it into the street. The cherry bomb landed about two feet away from the plaintiff and exploded, seriously injuring him. The plaintiff subsequently commenced this negligence action against RVA, the record owner of the gas station property, and Junction Oil Corp. (hereinafter Junction), which operated the gas station.

At his examination before trial, Robert Campagna, the president of RVA, testified that the corporation's sole function was to hold title to the gas station premises, and that RVA conducted no other business. Campagna further testified that he was the president of a second corporation, VRC Service Station, Inc. (hereinafter VRC), which ran an automobile repair business on a portion of RVA's property. According to Campagna, the repair business operated by VRC was open on weekdays between 8:00 A.M. and 5:00 P.M., and closed on weekends and holidays. It is undisputed that VRC also leased a portion of the property, including the gasoline tanks and pumps, to the codefendant Junction for use as a gasoline station. Under the terms of the lease agreement between VRC and Junction, VRC was to be exempt from liability for injuries which were not caused by its own negligence. In addition, the lease required Junction to keep both its portion of the premises and all areas adjacent to the leased portion clean and free of litter, ice, and snow.

On these facts, the Supreme Court granted RVA's motion for summary judgment, finding that there was no evidence that

RVA "retained any obligation, or even the right, to control the use of the property by strangers". I agree. It is well settled that an out-of-possession owner is not liable for the failure to maintain the premises in a reasonably safe condition unless the owner has retained control over the premises or is contractually obligated to repair or maintain the premises (*see, Putnam v Stout,* 38 NY2d 607; *Mehl v Fleisher,* 234 AD2d 274; *Wright v Feinblum,* 220 AD2d 660).

At bar, regardless of whether the owner of the property, RVA, formally leased the premises to VRC, the uncontroverted deposition testimony of Robert Campagna shows that RVA's corporate functions were limited to holding title to the premises, and that RVA conducted no other business. Moreover, the fact that it was VRC which leased a portion of the premises to Junction demonstrates that control of the premises was relinquished to VRC and to its tenant Junction. While the majority stresses the fact that Robert Campagna is president of both RVA and VRC, this has no bearing on RVA's status as a corporate owner who relinquished control over the premises to a separate corporate entity engaged in the business of repairing automobiles on the premises. In the absence of any evidence that RVA retained any degree of dominion and control over the premises, it had no duty to maintain the premises in a safe condition to protect the plaintiff from the reasonably foreseeable criminal acts of third persons (*see, Johnson v Urena Serv. Ctr.,* 227 AD2d 325; *O'Gorman v Gold Shield Sec. & Investigation,* 221 AD2d 325; *Dalzell v McDonald's Corp.,* 220 AD2d 638; *Ahmad v Getty Petroleum Corp.,* 217 AD2d 600).

Furthermore, even if there was a question as to whether RVA had relinquished control of the premises to VRC and Junction, I disagree with the majority's view that an issue of fact exists as to whether RVA breached a duty to take precautions to protect the public from the danger that fireworks would be thrown from the premises (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). In order to recover damages from an owner of real property for injuries caused by the criminal acts of persons on the premises, " 'a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety' " of members of the public (*Howard-Seay v Dorchester Towers Assocs.,* 227 AD2d 525, citing *Jacqueline S. v City of New York,* 81 NY2d 288, 294-295). Here, in support of its motion for summary judgment, RVA submitted portions of Campagna's examination before trial, wherein he testified that the automobile repair business he

operated on the premises was closed for holidays, including July 4, 1994, and that he did not know if the tenant, Junction, was open for business that day. In opposition to the motion, both the plaintiff and a neighbor averred that they had lived near the gas station for many years, and that "each and every year * * * the defendant's premises * * * has been used for the yearly celebration of the fourth of July when unknown individuals are allowed to detonate fireworks in the parking lot of the gas station * * * and further allowed to throw lit fireworks from defendant's premises".

Despite the plaintiff's claim that unknown individuals threw fireworks from RVA's property on every July 4th holiday, the record is completely devoid of any evidence that Campagna authorized these unknown persons to detonate fireworks from the premises, or was aware that the premises was being used for such purposes (*cf., Murphy v Turian House,* 232 AD2d 535). Moreover, although fireworks were allegedly thrown from the property on an annual basis, the plaintiff testified at his deposition that he had never previously seen the three individuals who were detonating fireworks on the night he was injured. In addition, there is no indication that the illegal use of the premises was ever reported to Campagna or the police, and no evidence of any previous injuries caused by fireworks set off or thrown from the premises. Under these circumstances, the criminal conduct of the individuals responsible for throwing fireworks from RVA's premises cannot be considered foreseeable (*see, Dillman v Bohemian Citizens Benevolent Socy.,* 227 AD2d 434; *Boltz v National Amusements,* 227 AD2d 363; *Valdez v 72 & 82 Terrace Realty,* 222 AD2d 308; *Ospina v City of New York,* 214 AD2d 551).