■ ROSEMARY TEJADA et al., Appellants, v CITY OF NEW YORK et al., Respondents; et al., Defendants. [765 NYS2d 866] —Order, Supreme Court, New York County (Faviola Soto, J.), entered December 13, 2002, which granted defendant Lophijo Realty Corporation's motion for summary judgment dismissing the complaint as against it and denied plaintiffs' cross motion for summary judgment as against it and defendant City of New York, unanimously affirmed, without costs.

The complaint alleges that the infant plaintiff, Rosemary Tejada, ingested lead while residing in premises owned by defendant Lophijo Realty Corporation but under the exclusive control and possession of defendant Belleclaire Hotel Corp. pursuant to a 20-year lease under which the tenant Belleclaire agreed to relieve the owner of all liability for injury to any person. As an out-of-possession owner without the right or duty to enter and repair, Lophijo Realty is not subject to liability for a subsequent injury resulting from a dangerous condition in the building (*see Chapman v Silber*, 97 NY2d 9, 19-20, 22 [2001]; *see also Butler v Rafferty*, 100 NY2d 265, 270 [2003]; *Gomez v Walton Realty Assoc.*, 258 AD2d 307, 308 [1999]). In addition, it is undisputed that plaintiffs never provided the owner Lophijo with the requisite notice of the presence of a young child on the premises (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 638 [1996]; *see also Chapman* at 15), and whatever notice the tenant Belleclaire might have had will not be imputed to the out-of-possession owner (*see Becker v Manufacturers Trust Co.*, 262 App Div 525, 527 [1941]). Finally, since it is unclear whether the infant plaintiff ingested lead at the City-owned residence to which plaintiffs were relocated and, if so, whether any additional injury was thereby sustained, the record presents questions of fact as to the liability of defendant City of New York. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.