KENYA RICHARDSON et al., Respondents, v YASUDA BANK AND TRUST COMPANY (USA) et al., Appellants, et al., Defendants. [772 NYS2d 595]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants Yasuda Bank and Trust Company (USA) and Delta Funding Corp. appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 3, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiffs sustained injuries as a result of a gas explosion in their residence on June 23, 1997, which originated in an area where an illegal gas diversion line had been installed. Several months before the explosion, the defendant Yasuda Bank and Trust Company (USA) (hereinafter Yasuda) had acquired title to the property following a foreclosure sale, but neither Yasuda nor its servicing agent, the defendant Delta Funding Corp. (hereinafter Delta), were given access to the property. The former owner of the property, who, as the landlord, entered into a lease with the plaintiffs, was still in possession of the property at the time of the explosion. Eviction proceedings against the former owner and the plaintiffs had been commenced and were pending. The former owner of the property was arrested and charged with reckless endangerment, grand larceny, and theft of services.

It is well settled that "the person in possession and control of property is best able to identify and prevent any harm to others" (*Butler v Rafferty*, 100 NY2d 265, 270 [2003]). Hence, an out-of-possession owner will not be liable for injuries that occur on the premises unless it has retained control over the premises or is contractually obligated to repair or maintain the premises (*see Eckers v Suede*, 294 AD2d 533 [2002]; *Angwin v SRF Partnership*, 285 AD2d 570, 571 [2001]).

Yasuda and Delta met their prima facie burden of demonstrating their status as out-of-possession owners, and the plaintiffs failed to raise a triable issue of fact that Yasuda and Delta either retained control of the premises or were contractually obligated to keep the property in good repair (*see Krentsel v Salon Zorina*, 292 AD2d 506 [2002]). The record contains no evidence of any contractual relationship among Yasuda, Delta, and the plaintiffs, and the plaintiffs failed to controvert the prima facie evidence that the appellants had no access to the premises before the explosion. Under the circumstances, the Supreme Court should have granted summary judgment and dismissed the complaint insofar as asserted against Yasuda and Delta (*see e.g. Eckers v Suede, supra*).

The plaintiffs' remaining contentions are without merit. Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.