■ WILLIAM DANIELSON et al., Respondents, v JAMECO OPERATING CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. ADONIA PIZZA CORP., Third-Party Defendant-Respondent-Appellant. (And a Second Third-Party Action.) [800 NYS2d 421]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, Jameco Operating Corp., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated May 27, 2004, as denied that branch of its motion which was for summary judgment on the cause of action in the third-party complaint seeking contractual indemnification from the third-party defendant, Adonia Pizza Corp., and (2) from an order of the same court dated July 16, 2004, which denied its motion for summary judgment dismissing the complaint. The third-party defendant, Adonia Pizza Corp., separately appeals, as limited by its brief, from so much of the order dated May 27, 2004, as, upon a decision of the same court dated April 16, 2004, denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that on the court's own motion, the third-party defendant's notice of appeal from the decision is deemed to be a notice of appeal from the order dated May 27, 2004 (see CPLR 5520 [c]); and it is further,

Ordered that the order dated May 27, 2004, is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the third-party defendant, Adonia Pizza Corp., which was for summary judgment dismissing the third-party complaint insofar as Jameco Operating Corp. sought contractual indemnity from Adonia Pizza Corp. for Jameco Operating Corp.'s own negligence, if any, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated May 27, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 16, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by Jameco Operating Corp.

The plaintiff William Danielson allegedly was injured when he slipped and fell on ice in an alleyway outside the back door to a pizzeria operated by the third-party defendant, Adonia Pizza Corp. (hereinafter Adonia). The alleyway was common to a strip mall in which the pizzeria was located, owned by the de-

fendant third-party plaintiff, Jameco Operating Corp. (hereinafter Jameco). The Supreme Court, inter alia, denied Jameco's motion for summary judgment dismissing the complaint and denied Adonia's cross motion for summary judgment dismissing the third-party complaint. We modify.

In support of its motion, Jameco failed to make a prima facie demonstration that it was either an out-of-possession landlord that lacked control over the area in question (*see Phillips v Sinba Assoc.*, 296 AD2d 389 [2002]; *Dalzell v McDonald's Corp.*, 220 AD2d 638 [1995]), or that it neither created the alleged dangerous and defective condition, nor had actual or constructive notice of the condition and a reasonably sufficient time to remedy the same (*see Edwards v DeMatteis Corp.*, 306 AD2d 309 [2003]; *Kyung Sook Park v Caesar Chemists*, 245 AD2d 425 [1997]). Jameco, inter alia, repaved the alleyway and maintained a drain near where the alleged accident occurred, and permitted Adonia to deduct the cost of snow and ice removal from the alleyway from its rent (*see Kyung Sook Park v Caesar Chemists, id.*). Thus, the Supreme Court properly denied Jameco's motion for summary judgment dismissing the complaint.

To the extent that Jameco seeks contractual indemnity from Adonia for Jameco's own negligence, if any, pursuant to a provision of a lease agreement between Adonia and Jameco, the provision is not enforceable (*see Gibson v Bally Total Fitness Corp.*, 1 AD3d 477 [2003]; General Obligations Law § 5-321). Consequently, the Supreme Court should have granted that branch of Adonia's cross motion for summary judgment which was to dismiss the third-party complaint insofar as it sought such relief. However, Adonia failed to make a prima facie demonstration that it either owed no duty to the plaintiff, or that it lacked actual or constructive notice of the alleged defective and dangerous condition and a reasonably sufficient time to remedy the same (*see Edwards v DeMatteis Corp., supra*). Thus, the Supreme Court properly denied the balance of Adonia's cross motion for summary judgment dismissing the third-party complaint. Contrary to Jameco's contention, the parties' lease does not reflect "the unmistakable intent of the parties" that Adonia was to procure insurance for the mutual benefit of Jameco and Adonia, and was to indemnify Jameco for its own negligence (*see Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153 [1977]; *Moore v First Indus.*, 296 AD2d 537 [2002]; *Radius, Ltd. v Newhouse*, 213 AD2d 614 [1995]). Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.