Kenyada WILLIAMS, Plaintiff–
Appellant,

v.

MATRIX FINANCIAL SERVICES
CORPORATION, Defendant–
Appellee.

No. 04–6725–cv.

United States Court of Appeals,
Second Circuit.

Nov. 4, 2005.

Haydn J. Brill, Brill & Associates, P.C., New York, New York, for Appellant.

James L. Forde, Rappaport, Glass, Greene & Levine, LLP, New York, New York, for Appellee.

PRESENT: MESKILL, NEWMAN and RAGGI Circuit Judges.

## SUMMARY ORDER

Plaintiff Kenyada Williams, who sustained injuries when she slipped and fell on the common stairway of her apartment building, sues the building owner, defendant Matrix Financial Services Corporation, under New York law for negligence. Williams now appeals from an award of summary judgment entered in favor of Matrix. We review a district court's award of summary judgment *de novo* and will not affirm unless the record, viewed in the light most favorable to Williams reveals "no genuine issue as to any material fact" and Matrix's entitlement to judgment "as a matter of law." Fed.R.Civ.P. 56(c); *see Morenz v. Wilson–Coker,* 415 F.3d 230, 234 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Out–of–Possession Owners*

Williams submits that the district court erred in concluding that Matrix was an out-of-possession owner of the building at issue, lacking the access and control necessary to support a finding that Matrix had a duty to maintain the common areas of the apartment building. Under New York law, "an out-of-possession owner will not be liable for injuries that occur on [its] premises unless it has retained control over the premises or is contractually obligated to repair or maintain the premises." *Richardson v. Yasuda Bank and Trust Co.,* 5 A.D.3d 458, 459, 772 N.Y.S.2d 595, 595 (2d Dep't 2004). It is, however, the owner's burden to make a *prima facie* showing that it qualifies as an out-of-possession landlord. *See, e.g., Danielson v. Jameco Operating Corp.,* 20 A.D.3d 446, 448, 800 N.Y.S.2d 421, 423 (2d Dep't 2005). The burden is by no means trivial. New York holds that an owner must have *"completely* parted with control of the building" to invoke the out-of-possession doctrine. *Bonifacio v. 910–930 Southern Blvd. LLC,* 295 A.D.2d 86, 90, 743 N.Y.S.2d 105, 108 (1st Dep't 2002) (emphasis in original); *see also Appel v. Muller,* 262 N.Y. 278, 280, 186 N.E. 785 (1933) (holding that an "owner may absolve himself from [the] duty [to repair and maintain] by nothing less than alienation of the ... property, either permanently, as by deed, or temporarily, as by lease" (internal quotation marks omitted)); *Tejada v. City of New York,* 309 A.D.2d 676, 676, 765 N.Y.S.2d 866, 866 (1st Dep't 2003) (holding that net lease of a commercial building established out-of-possession ownership).

*Richardson v. Yasuda Bank and Trust Co.,* 5 A.D.3d 458, 772 N.Y.S.2d 595, relied on by Matrix, is not to the contrary because, in that case, the out-of-possession doctrine was applied to absolve an owner of liability for injuries resulting from an explosion that occurred within a leased individual apartment unit to which neither the owner nor its agent had access. *Id.* at 459, 772 N.Y.S.2d 595. Although an owner's right to enter a tenant's individual apartment is restricted by law, *see Thorn v. Stephens,* 169 Misc.2d 832, 836, 646 N.Y.S.2d 597, 600 (Sup.Ct. Westchester Co.1995), Matrix points us to no New York

authority supporting the proposition that an owner must obtain the consent of tenants before it can enter the common areas of its building.

In this case, nothing in the record indicates that, as a matter of law, Matrix "relinquished control" of its apartment building to any third party. *Vasquez v. RVA Garage, Inc.*, 238 A.D.2d 407, 408, 656 N.Y.S.2d 334, 335 (2d Dep't 1997). Viewing the evidence in the light most favorable to Williams, the record only indicates that Matrix voluntarily had not yet assumed control over the common areas of its building. But under New York law, the fact that an owner "did not, in fact, exercise control over the premises [does] not . . . establish that it had no duty to exercise control." *Id.* at 408, 656 N.Y.S.2d at 335 (internal quotation marks omitted). Accordingly, on the present record, Matrix was not entitled to summary judgment as an out-of-possession owner. We do not, however, foreclose the possibility that, after further discovery, Matrix might be able to satisfy its *prima facie* burden, in which case the ultimate burden of proving control would rest with the plaintiff.

## 2. The Reasonableness of Matrix's Efforts to Inspect the Common Areas

■ Plaintiff submits that there are disputed issues of fact that would prevent a court from concluding, as a matter of law, that Matrix reasonably endeavored to inspect the common areas of its building but

that its agents were denied entry. We agree.

New York common law obligates a landlord or owner "to use reasonable care to inspect and repair common areas," and charges such landlord or owner with constructive "notice of the dangerous conditions which a reasonable inspection would have discovered." *Wynn ex rel. Wynn v. T.R.I.P. Redevelopment Assocs.*, 296 A.D.2d 176, 181, 745 N.Y.S.2d 97, 102 (3d Dep't 2002).[1] Matrix submits that it did use reasonable care to inspect its building but that its agent, Five Brothers Mortgage Company, was repeatedly "refused access by the occupants of the property." Sarakun Aff. at ¶ 2. Assuming *arguendo* that such a scenario would reasonably discharge Matrix's duty to inspect and repair the common areas of its building, Matrix would have to support its version of events with admissible evidence to secure summary judgment. *See* Fed.R.Civ.P. 56(e); *Capobianco v. City of New York*, 422 F.3d 47 (2d Cir.2005). Because the quoted Sarakun affidavit does not appear to be based on the affiant's personal knowledge, it cannot, by itself, qualify as admissible evidence. To the extent the affidavit relies on business documents, admissible pursuant to Fed.R.Evid. 803(6), the excerpts of these documents in the record on appeal indicate that, on approximately eight visits prior to Williams's injury, Five Brothers' employees found the building "occupied" and, on at least the first visit, encountered an "unfriendly and uncooperative" occupant. The records do not, however, state

---

1. There appears to be a disputed question of fact as to whether Williams was occupying her apartment pursuant to a lease, *see* Williams Dep. at 15—17 and, if so, whether Matrix, which did not name Williams as a defendant to the foreclosure action, assumed that lease when it purchased 90 Cornelia. *See Greenwald v. Schustek*, 169 N.Y.S. 98, 99 (1st Dep't 1918) ("If [the lessee] was not [a defendant to the foreclosure action], his lease was unaffected thereby and the purchaser on the foreclosure sale . . . became the landlord by operation of law. . . ."). In any event, even if Williams did not enjoy the formal status of a lessee, Matrix may still have owed her some common-law duty of care with respect to dangerous conditions in the apartment building. *See Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 572, 352 N.E.2d 868 (1976).

whether or not Five Brothers' employees were able to enter the building's common areas; certainly they do not report that the occupants ever barred their entry.[2] In any event, we note that the deposition testimony of Matrix's employee Ron Trunnell, viewed in the light most favorable to the plaintiff, suggests that the singular purpose for which Matrix sought "interior inspections" from Five Brothers was to determine "whether or not the building was vacant," not to identify dangerous conditions in the common areas and to make necessary repairs. Trunnell Dep. at 10—13.

On this record, we cannot conclude that Matrix satisfactorily established, as a matter of law, that there are no disputed issues of fact as to its reasonable efforts to inspect for and repair dangerous conditions in the common area of its building. *See generally Wynn ex rel. Wynn v. T.R.I.P. Redevelopment Assocs.*, 296 A.D.2d at 181, 745 N.Y.S.2d at 102 (observing that the reasonableness of inspections is usually a question of fact for the jury).

The November 23, 2004 award of summary judgment in favor of Matrix is hereby VACATED and the case REMANDED to the district court for further proceedings, which may, in the District Court's discretion, include additional discovery and a renewed motion by the defendant for summary judgment.

---

**2.** Business records indicating an inability to gain access to the building all postdate the injury in this case.

