■ ODUNAYO OLOPADE, Appellant, v MUHAMMAD S. KHAN, Respondent, et al., Defendant. [59 NYS3d 802]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ottley, J.), dated March 2, 2016, which granted the motion of the defendant Muhammad S. Khan for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Muhammad S. Khan for summary judgment dismissing the complaint insofar as asserted against him is denied.

According to the plaintiff's deposition testimony, on September 14, 2013, the plaintiff and her daughter had gone shopping and stopped a livery cab on the street to take them back to their apartment in Brooklyn. After they arrived at their apartment building and paid the driver the agreed-upon fare, the plaintiff, while standing outside the front passenger side of the cab, attempted to retrieve change from the driver. The driver allegedly sped off while the plaintiff's hand was caught in the door handle, which caused her to be dragged on the street for approximately four to five car lengths, until she was freed from the cab and fell to the ground. While she was still in the area where she fell, the driver returned to the scene, threw a dollar bill out the window of the cab, and drove away. At that time, the plaintiff observed and noted the license plate number of the cab.

The plaintiff commenced this action against, among others, the defendant Muhammad S. Khan (hereinafter the defendant), who, based on the license plate number recorded by the plaintiff, was identified as the owner of the vehicle allegedly involved in the incident. After depositions were completed, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that neither he nor his vehicle was involved in the incident. The Supreme Court granted the motion. The plaintiff appeals.

The evidence submitted by the defendant in support of his motion, which included his own affidavit, photographs, and his deposition testimony, as well as the deposition testimony of the

plaintiff and her daughter, was insufficient to establish his prima facie entitlement to judgment as a matter of law. The evidence presented factual issues as to whether the defendant and his vehicle were involved in the alleged incident (*see Bykov v Brody*, 150 AD3d 808 [2017]; *Ferrer v Stofsky*, 204 AD2d 386, 386-387 [1994]). In light of the defendant's failure to meet his prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.