American Express Natl. Bank v Rosen (2025 NY Slip Op 50212(U))

[*1]

American Express Natl. Bank v Rosen

2025 NY Slip Op 50212(U)

Decided on February 20, 2025

Civil Court Of The City Of New York, Kings County

Epstein, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 20, 2025
Civil Court of the City of New York, Kings County

American Express National Bank, Plaintiff,

against
David Rosen a/k/a DAVID H. ROSEN, Defendant.

Index No. CV 001660/23

Plaintiff:
Jaffe & Asher, LLP Firm 
600 3rd. Ave 
New York, New York 10016
(212) 687-3000
Defendant: Pro Se

Jill R. Epstein, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this Motion for Summary Judgment
Papers        Numbered
Notice of Motion and Affidavits Annexed 1
Answering Affidavits 2
Reply 3
Upon the foregoing cited papers, the Decision/Order on this Motion to Vacate a Decision after Trial is as follows:
Plaintiff, American Express National Bank (hereinafter "Plaintiff") moved for Summary Judgment by Notice of Motion dated November 26, 2024, seeking judgment against Defendant, David Rosen a/k/a David H. Rosen (hereinafter "Defendant") in the sum of $11,026.84.
The facts as sworn to by Plaintiff are consistent with the facts asserted by Defendant. Defendant was an American Express cardholder, account ending in 2004 (previously 1006) since August, 2005. Problems arose over charges incurred by Defendant when he purchased a ticket on Delta Airlines. A dispute arose and Delta credited Defendant with the sum of $109.20. A remaining balance of $252.60 remained. Defendant disputed this charge but the dispute was [*2]ultimately disallowed by Plaintiff. On March 11, 2011, Plaintiff advised Defendant, by its Customer Service Supervisor, H. Figueroa, that the charges were too old to be further investigated further and told Defendant that if "you wish to pursue this matter, we suggest that you contact the merchant directly", (Exhibit "D" to Defendant's Motion to Deny Plaintiff's Motion for Summary Judgment and Dismissal of Countersuit).
Defendant conceded, under oath, that he paid his statement balance every month. However, each month he deducted the $252.60 along with the interest and fees that were associated with that disputed charge. Sadly, Defendant is not permitted to unilaterally deduct charges which were not credited, no matter how frustrating his dispute. To the Court's knowledge, no claim was ever filed against Delta Airlines. While the Court understands Defendant's frustration at not receiving satisfaction, the more prudent approach would have been to pay the disputed charge to American Express and then sue Delta Airlines for the $252.60.
The charges leveled by American Express for interest and late fees have grown exponentially, now reaching the sum of $11,026.84. These charges are consistent with the terms of service for use of the credit card. Defendant does not deny that he refused to pay the amount in dispute every single month for years. There is no issue of fact. The only question that Defendant wishes this Court to address is whether, despite his failure to pay the charge for which he exhausted all remedies with Plaintiff, the Court has the power to suspend the terms of service and somehow decide that we can grant the dispensation that Plaintiff did not. The Court cannot credit him for the disputed charge at this late date. And though it seems harsh that the charges and interest for such a nominal amount escalated so dramatically, those charges are consistent with the terms of service.
Summary judgment, while a drastic remedy, is warranted when there are no factual disputes to be resolved by the trier of fact. Mallard Construction Corp v County Fed Savings, 32 NY2d 285 [1973], whether all issues to be resolved are strictly issues of law, Long Island RR Co v Northport Industrial Corp., 42 NY2d 455 [1977], or when the uncontroverted facts can only be determined in one fashion as a matter of law. Alvord and Swift v Stewart and Miller Constr. Co., Inc., 46 NY2d 276 [1978]. "It is well settled that 'the proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'." Olan v Ursino, 235 AD2d 406 [AD2d 1997]. See also, Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].
Once this showing is made, the burden shifts to the party opposing the motion for Summary Judgment. Alvarez v Prospect Hospital, 68 NY2d 320, 324 [1986]. In considering a motion for summary judgment, the Court must view all facts in a light most favorable to the non-moving party. See, Zuckerman v City of New York, 49 NY2d 557 [1980].
After hearing argument and considering all evidence, it seems there is no actual dispute remaining. Even the submissions of the Defendant in his opposition show only that Plaintiff explained to him over and over that his dispute had not prevailed. He was repeatedly told that interest on the account would be adjusted accordingly. Plaintiff explained, per Defendant's own submissions, that the dispute was too outdated by 2011, fully fourteen years ago, to be reinvestigated. Even after Plaintiff's letter to Defendant, dated March 11, 2011, (Defendant's Exhibit "C"). Plaintiff advised Defendant that the dispute needed to be resolved with the vendor, [*3]in this case, Delta Airlines. Defendant chose over and over for a decade and a half, to ignore Plaintiff's clear expression as to the status of the account. The actual dispute herein is almost two decades old. Defendant was, at all times, fully aware of the implications of his refusal to pay the disputed charges once Plaintiff did not disallow the charges in question. By Defendant's own admission, he carefully chose not to pay the remaining sum in each statement balance, unilaterally deleting the disputed amount and all charges relating to same from his payments. Defendant is a sophisticated person. His own submission shows someone with full understanding of the circumstances. As a result, there are no issues of fact for the Court to direct to trial.
As to Defendant's purported counterclaim, this Court cannot award him points on the account and those points do not constitute an offset to the charges herein.
WHEREFORE, it is hereby
ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment is granted in all respects and Judgment is hereby entered in favor of Plaintiff as against Defendant for the sum of $11,026.84. The Court will not award interest going forward due to the interest already leveled against the charges as compared to the amount in dispute; and it is further
ORDERED AND ADJUDGED that Defendant's purported counterclaim is dismissed in all respects.
The foregoing constitutes the decision and order of the Court.
Dated: February 20, 2025
Brooklyn, New York
JILL R. EPSTEIN, JCC