■ THEODORE SILVERSTEIN, as Executor of IRVING SILVERSTEIN, Deceased, Appellant, v. CONTINENTAL CASUALTY COMPANY, Respondent.— Judgment unanimously reversed on the law and facts, with costs, and judgment granted declaring defendant is legally responsible for all hospital, nursing and medical bills incurred by Irving Silverstein from June 3, 1963 to May 3, 1964; that defendant is liable to plaintiff for the amount thereof to be found by the trial court, and action remanded to the trial court to take proof as to such amount and thereafter to declare judgment as to the amount found to be

due. Certain findings of fact disapproved and reversed and new findings made. Memorandum: Plaintiff appeals from a judgment denying coverage on a hospital, nurse, medical and surgical expense policy issued by defendant to plaintiff's testator on the ground that the loss resulted from a condition which was excluded from coverage by the elimination indorsement on the policy. In his application, dated December 21, 1959, decedent. disclosed that in 1952 he suffered from a urinary infection due to chronic prostatitis; he had a history of hematuria (blood in urine) and in April, 1959 he had a benign tumor removed from the upper prostate region. The policy issued one week thereafter contained the following indorsement: "The policy does not cover any loss caused by or resulting from neoplasm and/or any disorder of the urinary system." The loss was caused by a neoplasm which had no relationship to the urinary system. In this situation, the language of the elimination indorsement is uncertain in its meaning. While respondent contended and the trial court held that the indorsement excludes any loss resulting from neoplasm, although unrelated to the urinary system, it is apparent that the language is also susceptible of the construction that only a neoplasm of the urinary system is excluded from coverage. "It is well-settled that if a policy of insurance is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the policy holder and against the company". (*Hartol Prods. Corp.* v. *Prudential Ins. Co.*, 290 N. Y. 44, 49; see, also, *Sincoff* v. *Liberty Mut. Fire Ins. Co.*, 11 N Y 2d 386.) In *Rigel* v. *National Cas. Co.* (76 So. 2d 285 [Fla., 1954]) the insured's policy was renewed with an agreement that the company was not liable for any loss sustained from "Carcinoma or any disease of the breasts and/or operation therefor." The agreement was precipitated by the fact that the insured's wife had carcinoma of the breast and the insurance company had paid for the operation on that part of the body. Two years later she was treated for carcinoma of the stomach. The court held that there was coverage notwithstanding the agreement and said (p. 287): "We cannot adopt the view that the condition was meant to apply to carcinoma in any part of the body. If such was the intent, it would have been quite simple to state it in unequivocal language. No comma appears in the phrase and there being none, we think the carcinoma or diseases of the breasts were the only ailments meant to be excepted from the provisions of the policy. The words 'of the breasts,' in our opinion, modify the words 'Carcinoma or any disease.'" In this case, if respondent intended to exclude neoplasm in any part of the body it could have done so by simply adding the words "in any part of the body" after the word "neoplasm". The elimination indorsement should, therefore, be construed to limit the exclusion of coverage to loss resulting from neoplasm of the urinary system; or any disorder of the urinary system or neoplasm and any disorder of the urinary system. We conclude that plaintiff is entitled to judgment declaring that defendant is legally responsible for all hospital and medical costs incurred by Irving Silverstein from June 3, 1963 to May 3, 1964. The trial court further erroneously refused to receive proof as to the amounts of such expenses. In a declaratory action all relief to which a party is entitled should be given so that a second independent suit is not required (cf. *National City Bank* v. *Waggoner*, 230 App. Div. 88, 94, affd. 255 N. Y. 527). This action should be remanded to the trial court to take proof as to the amounts of the expenses and a further judgment declared as to the total amount found due. (Appeal from judgment of Onondaga Trial Term denying defendant's liability under a policy of insurance.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.