■ ANDREW REISMAN et al., Plaintiffs, v COLE L. COLEMAN, Defendant. (Matter No. 1.) In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v ANDREW REISMAN, Respondent. (Matter No. 2.) [598 NYS2d 12] —In a consolidated action to recover damages for personal injuries, etc., and a

proceeding to compel arbitration, Aetna Casualty and Surety Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated January 30, 1991, as directed that the matter proceed to arbitration before the American Arbitration Association.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, there are conflicting endorsements in the subject insurance policy. It is well established that an insurance policy must be construed in favor of the policyholder if reasonably susceptible to two different constructions, and any ambiguities are to be resolved in favor of the policyholder and against the carrier *(see, Levinson v Aetna Cas. & Sur. Co.,* 42 AD2d 811). Therefore, the parties were properly directed to proceed to arbitration in accordance with the rules of the American Arbitration Association.

In light of the foregoing determination, we need not consider the appellant's remaining contentions. Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.