■ HARRY HOROWITZ et al., Respondents, v THREADNEEDLE INSURANCE Co., LTD., et al., Appellants. [599 NYS2d 79] —In an action to recover proceeds under a livestock mortality insurance policy, the defendants appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated April 10, 1991, which granted the plaintiffs' motion for summary judgment on the issue of liability, struck the defendants' answer, and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs seek to recover the proceeds under a livestock mortality insurance policy for the death of their horse. The horse had been delivered by the plaintiffs to a trainer who, in turn, had it stabled at a certain farm. At the farm, the horse was shot and killed by the farm owner's stepson. The defendants refused to pay out on the policy on the ground that the death of the horse fell within certain exclusionary clauses of the policy. The Supreme Court granted the plaintiffs' motion for summary judgment. We affirm.

It is well-settled that whenever the provisions of an insurance contract are unclear they must be construed against the insurer. Particularly where the ambiguity is found in an exclusionary clause, the carrier has the burden to establish that the exclusion applies in the particular case *(see, Slocovich v Orient Mut. Ins. Co.,* 108 NY 56, 66; *Neuwirth v Blue Cross & Blue Shield,* 62 NY2d 718; *AFA Protective Sys. v Atlantic Mut. Ins. Co.,* 157 AD2d 683; *Vinocur's Inc. v CNA Ins. Cos.,* 132 AD2d 543). Here, the Supreme Court properly found that the defendants failed to satisfy their burden of establishing that the horse's death was the result of either intentional slaughter by a government entity or a malicious or willful injury by an agent or employee of the horse's owner under the pertinent exclusions. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.