■ BRUNSWICK HOSPITAL CENTER, INC., Plaintiff, v WERNER KNOBLICH et al., Defendants and Third-Party Plaintiffs-Respondents. EMPIRE BLUE CROSS AND BLUE SHIELD, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [627 NYS2d 734] —In an action to recover payment for hospital services, the third-party defendant Empire Blue Cross and Blue Shield appeals, as limited by its brief, from (1) a decision of the Supreme Court, Suffolk County (Baisley, J.), dated April 4, 1991, which, after a nonjury trial, *inter alia,* is in favor of the third-party plaintiff Werner Knoblich and against them, and (2) so much of a judgment of the same court, dated June 7, 1991, as is in favor of the third-party plaintiff Werner Knoblich and against it in the principal sum of $25,904.83.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicci v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well established that when the provisions of an insurance contract are ambiguous, they must be construed against the insurer *(see, Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 353; *Horowitz v Threadneedle Ins. Co.,* 194 AD2d 589). Additionally, "[t]he burden of proving that a claim falls within the exclusions of an insurance policy rests with the insurer" *(Neuwirth v Blue Cross & Blue Shield,* 62 NY2d 718, 719; *see, Horowitz v Threadneedle Ins. Co., supra).*

The appellant acknowledged that Werner Knoblich's admission to the plaintiff hospital was medically necessary. It paid for Mr. Knoblich's hospital stay from November 23, 1983, until January 7, 1984, and refused to pay for the remainder of his hospital stay, on the ground that "the balance of the stay was concerned with care which did not require acute general hospitalization". Thus, the Supreme Court correctly concluded that the appellant relied upon the "Non-Acute Hospital Care" exclusion in Mr. Knoblich's policy. However, the appellant failed to establish that Mr. Knoblich's hospital stay after January 7, 1984, fell within that exclusion. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.