■ ANTHONY SCALIA, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES, Appellant, et al., Defendant. [693 NYS2d 218] —In an action to obtain benefits pursuant to a disability income insurance policy, the defendant Equitable Life Assurance Society of United States appeals from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated October 22, 1998, as granted the plaintiff's cross motion for summary judgment on the complaint to the extent of determining that the language "loss of sight" in the subject insurance policy is ambiguous and may be interpreted either as a loss of sight in one eye or a loss of sight in both eyes.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondent was injured in August 1990 when a baseball bat broke and struck him in the eye. He brought this action to obtain benefits pursuant to a disability income insurance policy issued by the appellant. The Supreme Court found that the language "loss of sight" in the policy is ambiguous and can be interpreted either as a loss of sight in one eye or a loss of sight in both eyes. Contrary to the appellant's contention, the subject language in the policy is reasonably susceptible to conflicting interpretations. Given the well-established principle that any ambiguities in an insurance policy will be construed against the insurer, the drafter of the policy (*see, e.g., Matter of Mostow v State Farm Ins. Co.*, 88 NY2d 321; *Matter of Eveready Ins. Co. v Mazza*, 208 AD2d 725; *Horowitz v Threadneedle Ins. Co.*, 194 AD2d 589, 590; *Reisman v Coleman*, 193 AD2d 659, 660), the construction favoring the respondent prevails. The appellant could have easily removed the ambiguity in this case by adding a few simple words to the policy (*see, Silverstein v Continental Cas. Co.*, 23 AD2d 801, *affd* 17 NY2d 845). The law requires that it bear the consequences for failing to do so.

Accordingly, the determination of the Supreme Court was proper. Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.