■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v EUGENE MISCIONE, Appellant, et al., Respondent. [699 NYS2d 892] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Eugene Miscione appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated September 30, 1998, which granted the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof permanently staying arbitration and substituting therefor a provision temporarily staying arbitration; as so modified the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

It is well settled that when the provisions of an insurance

contract are ambiguous, they are to be construed against the insurer (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 497; *Brunswick Hosp. Ctr. v Knoblich,* 215 AD2d 712; *Matter of Aetna Cas. & Sur. Co. v Cinisomo,* 197 AD2d 683).

Keeping this principle in mind, the Supreme Court erred in finding that the subject insurance policy did not contain underinsured motorist coverage. The Business Auto Coverage policy issued by the petitioner contained an endorsement for uninsured motorist coverage which also provided for underinsured motorist coverage. The uninsured motorist insurance endorsement to the policy clearly defines an uninsured motor vehicle as including one "for which the sum of all liability bonds or policies at the time of an accident provides at least the amounts required by the applicable law where a covered auto is principally garaged but their limits are less than the limits of this insurance", i.e., an underinsured automobile. The record shows that the policy limits of the offending vehicle were for the statutory minimum and less than the limits of the subject policy.

The Supreme Court did not reach the issue of whether the appellant was an "insured" as that term is used in the policy and, therefore, the matter must be remitted to the Supreme Court to make that determination. The endorsement for uninsured motorist coverage defines an "insured" as including anyone "occupying a covered auto or a temporary substitute for a covered auto * * * [which is] out of service because of its breakdown, repair, servicing, loss or destruction". However, there is insufficient evidence in the record to determine whether the vehicle occupied by the appellant at the time of the accident constituted a "temporary substitute for a covered auto" within the meaning of the policy. Accordingly, a hearing must be held on this issue. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.