■ CUSTOM WELD INDUSTRIES, INC., Respondent, v WILLIAM J. CHABINA COMPANY, INC., et al., Appellants, and ASSOCIATED INDEMNITY CORPORATION, as Subrogee of NMS WASTE PAPER REMOVAL, INC., Respondent. [707 NYS2d 364] —In an action, *inter alia,* for a judgment declaring that the defendant Inter-Reco, Inc., f/k/a Reinsurance Corporation of New York, is obligated to defend the plaintiff in an underlying negligence action, the defendant Inter-Reco, Inc., f/k/a Reinsurance Corporation of New York, appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 9, 1999, as denied its motion for summary judgment declaring that it has no duty to defend or indemnify the plaintiff, and the defendant William J. Chabina Company, Inc., separately appeals from so much of

the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the cross motion of the defendant William J. Chabina Company, Inc., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion, and (2), upon searching the record, deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant Inter-Reco, Inc., f/k/a Reinsurance Corporation of New York, is obligated to defend the plaintiff in the underlying negligence action which is pending in the United States District Court for the Eastern District of New York.

The subject insurance policy contains provisions which are ambiguous and therefore must be construed against the insurer, the drafter of the document (*see, Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321; *Matter of Eveready Ins. Co. v Mazza,* 208 AD2d 725). Thus, the defendant Inter-Reco, Inc., f/k/a Reinsurance Corporation of New York, the insurer, is obligated to defend the plaintiff in the underlying negligence action, and the defendant William J. Chabina Company, Inc., the agent who sold the policy to the plaintiff, is entitled to have the complaint dismissed insofar as asserted against it. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.