■ BEDFORD CENTRAL SCHOOL DISTRICT et al., Respondents, v COMMERCIAL UNION INSURANCE COMPANY, Appellant, et al., Defendants. [742 NYS2d 671] —In an action for a judgment declaring, inter alia, that the defendant Commercial Union Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying personal injury action entitled *Sanchez v Project Adventure, Inc.,* pending in the Supreme Court, Bronx County, under Index No. 15380/95, the defendant Commercial Union Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Skelos, J.), entered August 9, 2001, which granted the plaintiffs' motion for summary judgment and declared that (1) the plaintiff Bedford Central School District is an additional insured on the policy of insurance issued by it to the defendant Iona Preparatory School, (2) it is obligated to defend and indemnify Bedford Central School District in the underlying action on a 50/50 basis with the plaintiff New York Schools Insurance Reciprocal, and (3) it is obligated to reimburse New York Schools Insurance Reciprocal for 50% of the costs incurred by New York Schools Insurance Reciprocal in defending the Bedford Central School District in the underlying action from August 1999 to date.

Ordered that the order and judgment is affirmed, with costs.

Bedford Central School District (hereinafter the District) permitted Iona Preparatory School (hereinafter Iona) to use the Fox Lane Middle School in Bedford for the purpose of Iona students' participation in an obstacle course known as the Challenge course. The infant plaintiff in the underlying

personal injury action sustained injuries when a bungee cord snapped and hit him in the eye. The Supreme Court properly determined that Commercial Union Insurance Company (hereinafter Commercial Union) was obligated to defend and indemnify the District and New York Insurance Foundation, as attorney-in-fact, for New York Schools Insurance Reciprocal, (collectively the plaintiffs) in the underlying action, on a 50/50 basis pursuant to an insurance policy issued by Commercial Union to Iona, which named the District as an "additional insured," but only with respect to "liability arising out of your [Iona's] operations or premises owned by or rented to you."

The subject insurance policy contains provisions which are ambiguous and therefore must be construed against the insurer, the drafter of the document (*see Matter of Mostow v State Farm Ins. Co.*, 88 NY2d 321; *Custom Weld Indus. v Chabina Co.*, 272 AD2d 364; *Scalia v Equitable Life Assur. Socy. of U.S.*, 263 AD2d 537; *Horowitz v Threadneedle Ins. Co.*, 194 AD2d 589). Moreover, although the Challenge course was owned by the District when the infant plaintiff in the underlying action sustained his injuries, and was supervised by a District employee, the infant plaintiff's injuries arose out of Iona's "operations." The students were on a class field trip organized by Iona, an educational institution which arranged for the high school students to use the District's Challenge course, transported the students there for that purpose, and provided faculty to supervise the students while at the District's facility (*see Daily News v OCS Sec.*, 280 AD2d 576, 577). Under the circumstances, the plaintiffs are entitled to coverage pursuant to the additional insured endorsement in the policy since the underlying action arose out of Iona's "operations." Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.