■ NATURAL STONE INDUSTRIES, INC., Respondent, et al., Plaintiff, v UTICA NATIONAL ASSURANCE COMPANY, Defendant, and TRANSCONTINENTAL INSURANCE COMPANY, Appellant. [816 NYS2d 133]—

In an action, inter alia, for a judgment declaring that the defendant Transcontinental Insurance Company is obligated to defend and indemnify the plaintiffs in two underlying personal injury actions entitled *Karim v Natural Stone Indus.*, pending in the Supreme Court, Queens County, under index No. 6031/03, and *Sattar v Natural Stone Indus.*, pending in the Supreme Court, Queens County, under index No. 1241/02, respectively, the defendant Transcontinental Insurance Company appeals from so much of (1) an order of the Supreme Court, Queens County (Hart, J.), dated March 3, 2005, as granted that branch of the cross motion of the plaintiff Natural Stone Industries, Inc., which was for summary judgment declaring that the defendant Transcontinental Insurance Company is obligated to defend and indemnify it in the underlying personal injury actions and denied that branch of its motion which was for summary judgment with respect to that defendant, and (2) an amended order and judgment of the same court dated May 5, 2005, as granted the same relief and declared that the defendant Transcontinental Insurance Company is obligated to defend and indemnify the plaintiff Natural Stone Industries, Inc., in the underlying personal injury actions.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended order and judgment is modified, on the law, by deleting the provisions thereof granting that branch of the cross motion of the plaintiff Natural Stone Industries, Inc., which was for summary judgment declaring that the defendant Transcontinental Insurance Company is obligated to defend and indemnify it in the underlying personal injury actions and making the declaration, and substituting therefor a provision denying that branch of the cross motion; as so modified, the amended order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the amended order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended order and judgment (see CPLR 5501 [a] [1]).

On May 6, 2001, the plaintiff Natural Stone Industries, Inc. (hereinafter Natural Stone), hired Star Structurals, Inc. (hereinafter Star Structurals), to fabricate and install steel columns and beams for a roof addition on a Brooklyn warehouse. Although the parties' written contract contained no reference to insurance, the principals of both companies allegedly entered into an oral agreement requiring Star Structurals to procure liability insurance coverage, and to name Natural Stone as an additional insured on its policy. Star Structurals subsequently procured a liability insurance policy from the defendant Transcontinental Insurance Company (hereinafter Transcontinental). The Transcontinental policy did not identify Natural Stone as an additional insured. However, the policy contained a provision in which it defined an "insured" to include any person or organization whom the insured was "required to add as an additional insured on this policy under . . . an oral contract or agreement where a certificate of insurance showing that person or organization as an additional insured has been issued." A certificate of insurance issued to Star Structurals by its insurance broker contained a box captioned "Certificate Holder" on one side, and "Additional Insured" on the other side. National Stone's name appears inside this box, in between the two captions.

In July 2001 two Star Structural employees were injured while working on the roof construction project, and both employees commenced personal injuries actions against Natural Stone. When Transcontinental disclaimed coverage upon the ground that Natural Stone was not an additional insured under its policy, the plaintiffs commenced this action seeking, inter alia, a judgment declaring that Transcontinental is obligated to defend and indemnify Natural Stone in the underlying personal injury actions. Transcontinental thereafter moved for summary judgment, contending that Natural Stone could not be considered an additional insured as defined by the policy because the certificate of insurance merely identified it as a certificate holder. Natural Stone cross-moved for summary judgment, arguing that the certificate of insurance was ambiguous because it did not clearly identify it as either a certificate holder or additional insured, and that this ambiguity should be construed

against Transcontinental. The Supreme Court denied Transcontinental's motion and granted the cross motion, concluding that the certificate of insurance was ambiguous, and that Transcontinental should be held responsible for the ambiguity because its policy made the issuance of a certificate of insurance determinative of coverage as an additional insured.

On appeal, Transcontinental contends that the Supreme Court erred in denying its motion for summary judgment because even assuming the existence of an oral agreement to procure insurance for Natural Stone's benefit, the subject certificate of insurance showed that Natural Stone was a certificate holder, and not an additional insured. However, we agree with the Supreme Court that the certificate is ambiguous on its face, and does not clearly label Natural Stone as either a certificate holder or additional insured. Under these circumstances, Transcontinental failed to sustain its prima facie burden of establishing that it is entitled to judgment as a matter of law because Natural Stone was not an additional insured as this term is defined by the subject policy (*see Travelers Ins. Co. v Utica Mut. Ins. Co.*, 27 AD3d 456 [2006]; *Travelers Indem. Co. of Am. v Royal Ins. Co. of Am.*, 22 AD3d 252 [2005]; *Morrison-Knudsen Co. v Continental Cas. Co.*, 181 AD2d 500 [1992]; *Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207 [1989]).

However, the Supreme Court erred in granting Natural Stone's cross motion for summary judgment upon the ground that the ambiguity in the certificate of insurance should be construed against Transcontinental. The general rule that ambiguous provisions of an insurance policy must be construed against the insurer who drafted it (*see Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321 [1996]; *Bedford Cent. School Dist. v Commercial Union Ins. Co.*, 295 AD2d 295 [2002]; *Custom Weld Indus. v Chabina Co.*, 272 AD2d 364 [2000]) has no application here because the subject certificate of insurance was prepared by an insurance brokerage company, and not by Transcontinental. The certificate of insurance was not itself incorporated into Transcontinental's policy merely because the definition of "insured" included any organization whom the insured was required to add as an additional insured pursuant to an oral agreement "where a certificate of insurance showing that . . . organization as an additional insured has been issued." Accordingly, the issue of whether the subject certificate of insurance was intended to name and did in fact name Natural Stone as an additional insured must await resolution at trial. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.