■ SHIMON LEWANONI et al., Appellants, v STEPHEN LIOTINE et al., Respondents. [4 NYS3d 293]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Ash, J.), dated March 12, 2014, as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

While operating a limousine owned by the defendant Special Moments 24 Hour Limousine Service Ltd., the defendant driver, Stephen Liotine, made a left turn from 16th Avenue at its intersection with 44th Street in Brooklyn, and allegedly struck and injured the plaintiff Shimon Lewanoni (hereinafter the injured plaintiff), as he crossed 44th Street.

Contrary to the plaintiffs' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment on the issue of liability. In light of the contents of the police accident report, which was submitted as part of the plaintiffs' moving papers, indicating that the injured plaintiff was crossing the street at a point other than an intersection or crosswalk, the plaintiffs failed to eliminate all triable issues of fact as to the injured plaintiff's comparative fault (*see Thoma v Ronai*, 82 NY2d 736 [1993]; *Ryan v Budget Rent a Car*, 37 AD3d 698, 699 [2007]). The defendant driver's deposition testimony, which contradicted a statement he made previously, did not establish prima facie the injured plaintiff's freedom from comparative fault, but merely presents a credibility issue for a jury to determine (*see Miller v Suffolk County Police Dept.*, 105 AD3d 918, 919 [2013], citing *Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012]; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]; *cf. Steinsvaag v City of New York*, 96 AD3d 932, 933 [2012]; *Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 821 [2007]). Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the defendants' opposing papers (*see Alvarez v Prospect Hosp.*,

68 NY2d 320, 324 [1986]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.