■ IGOR BYKOV et al., Respondents, v SYLVIA BRODY, Appellant, et al., Defendant. [51 NYS3d 900]—In an action to recover damages for personal injuries, the defendant Sylvia Brody appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (King, J.), dated March 17, 2016, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The evidence that the defendant Sylvia Brody (hereinafter the defendant) submitted in support of her summary judgment motion, which included her own affidavit and the affidavit of her husband, Joseph Brody, as well as the transcript of the deposition of the plaintiff Igor Bykov, was insufficient to establish her entitlement to judgment as a matter of law. "Resolving questions of credibility, determining the accuracy of witnesses, and reconciling the testimony of witnesses are for the trier of fact" (*Kahan v Spira*, 88 AD3d 964, 966 [2011]; *see Lewanoni v Liotine*, 125 AD3d 941 [2015]).

In light of the defendant's failure to meet her prima facie burden, her motion was properly denied without consideration of the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.