UB Distribs., LLC v S.K.I. Wholesale Beer Corp. (2018 NY Slip Op 03559)





UB Distribs., LLC v S.K.I. Wholesale Beer Corp.


2018 NY Slip Op 03559


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-10895
 (Index No. 29238/09)

[*1]UB Distributors, LLC, respondent, 
v
S.K.I. Wholesale Beer Corporation, et al., appellants.


Alan C. Trachtman, New York, NY (Laura M. Trachtman of counsel), for appellants.
Joshua M. D. Segal, New York, NY (J. Mark Dickison, pro hac vice, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 18, 2015. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants asserting causes of action sounding in fraud, negligent misrepresentation, conversion, and unjust enrichment, among other things. The plaintiff alleged that the defendants fraudulently obtained payments from it under the Returnable Container Act by redeeming empty beverage containers that had already been redeemed by a deposit initiator (see ECL 27-1007[4], [6], [7]). The plaintiff alleged in particular that sudden and drastic shifts in the defendants' empty container redemption volume indicated fraudulent activity and corresponded in time with a double-redemption scheme uncovered on Long Island in the summer of 2009. The defendants denied these allegations and asserted counterclaims against the plaintiff.
The defendants moved for summary judgment dismissing the complaint, arguing, among other things, that the plaintiff lacked any direct evidence of their participation in the scheme. The plaintiff opposed and cross-moved for summary judgment dismissing the defendants' counterclaims. The Supreme Court denied the motion and cross motion. The defendants appeal, as limited by their brief, from the denial of their motion, and we affirm the order insofar as appealed from.
On a motion for summary judgment, a moving defendant does not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case. The moving defendant must affirmatively demonstrate the merit of its claim or defense (see Zuckerman v City of New York, 49 NY2d 557, 562; Collado v Jiacono, 126 AD3d 927, 928).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. While the defendants submitted the deposition transcripts of their two principals and warehouse manager in which those witnesses denied that the defendants engaged in a double-[*2]redemption scheme, those witnesses also testified that the defendants kept no records of their container redemption transactions or records of a "cashbox" they used to pay some of their redemption expenses. Those witnesses offered vague and conflicting testimony as to why the defendants' redemption volume fell so drastically around the time prosecutors acted on the double-redemption scheme on Long Island. Where, as here, conflicting inferences can be drawn from the evidence and issues of credibility exist, summary judgment is inappropriate (see Bykov v Brody, 150 AD3d 808, 809; Vanderhurst v Nobile, 130 AD3d 716, 717; Cortale v Educational Testing Serv., 251 AD2d 528, 531).
In light of the defendants' failure to meet their prima facie burden, we agree with the Supreme Court's determination to deny their motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants' remaining contentions are academic in light of our determination.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court