Martin v Hillside Enters., LLC (2020 NY Slip Op 03908)





Martin v Hillside Enters., LLC


2020 NY Slip Op 03908


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-03023
 (Index No. 5133/15)

[*1]Luis Martin, respondent, 
v
Hillside Enterprises, LLC, appellant, et al., defendants (and a third-party action).


Nicolini, Paradise, Ferretti & Sabella, Mineola, NY (Anthony J. Abruscati of counsel), for appellant.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York, NY (Timothy Norton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hillside Enterprises, LLC, appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated December 22, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against that defendant.
ORDERED that the order is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Hillside Enterprises, LLC, is denied.
The plaintiff, a demolition worker, allegedly sustained injuries when he fell from a scaffold while clearing debris from a ceiling after a fire damaged a condominium building. The defendant Hillside Enterprises, LLC (hereinafter Hillside), owned a unit in the building. The plaintiff commenced this action against Hillside, among others, alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Hillside, and the Supreme Court granted the motion. Hillside appeals.
"Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors, and their agents, to provide safety devices necessary to protect workers from the risks inherent in elevated work sites" (Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 924-925; see Nicometi v Vineyards of Freedonia, LLC, 25 NY3d 90, 96).
Here, the evidence submitted by the plaintiff in support of the motion failed to demonstrate as a matter of law that the accident occurred in the unit of the building owned by Hillside. The plaintiff's verified complaint contained only a conclusory assertion that the accident occurred in that unit, and his deposition transcript, which he submitted along with his motion, showed that he was unable to identify the accident as having taken place in that unit (see Berman-Rey v Gomez, 153 AD3d 653, 654-655; Lewanoni v Liotine, 125 AD3d 941, 941; Gjokaj v Fox, 25 [*2]AD3d 759, 760; Riverhead Bldg. Supply Corp. v Regine Starr, Inc., 249 AD2d 532, 532-533). Where the evidence presented by the moving party is unclear or in dispute, an award of summary judgment is inappropriate (see Natural Stone Indus., Inc. v Utica Natl. Assur. Co., 29 AD3d 758, 761; Wright v La Brake, 267 AD2d 578, 579; Fair v 431 Fifth Ave. Assoc., 249 AD2d 262, 263). Furthermore, where, as here, the plaintiff's submissions in support of his motion were inconsistent and/or contradictory, the plaintiff failed to demonstrate prima facie entitlement to summary judgment (see Tirado v Koritz, 156 AD3d 1342, 1345; Susino v Panzer, 127 AD3d 523, 524; Lewanoni v Liotine, 125 AD3d at 941; Rodrigues v Samaras, 117 AD3d 1022, 1023; Gjokaj v Fox, 25 AD3d at 760; Valerio v City of New York, 23 AD3d 308, 308).
In any event, even if the plaintiff made a prima facie showing in this regard, Hillside's submissions in opposition to the motion raised a triable issue of fact as to whether Hillside owned the portion of the premises where the accident occurred.
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Hillside.
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court